IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEE COKER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1236-G |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner James Lee Coker, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to burglary of a habitation and was sentenced to 30 years confinement. His conviction and sentence were affirmed on direct appeal.  *Coker v. State*, 1999 WL 88781 (Tex. App.--Dallas, Feb. 23, 1999, pet. ref'd).  Petitioner also filed an application for state post-conviction relief.  The application was denied without written order.  *Ex parte Coker*, No. 48,185-01 (Tex. Crim. App. Jun. 6. 2001).  Petitioner then filed this action in federal court.[1]

---

[1] Petitioner originally filed this action in the Shreveport Division of the Western District of Louisiana.  By order dated March 23, 2005, the Louisiana court transferred the case to the Tyler Division of the Eastern District of Texas, the district and division where petitioner is incarcerated.  *Coker v. State of Texas*, No. 5-04-CV-2459-TS-MLH (W.D. La. Mar. 23, 2005).  That court, in turn, transferred the action to the Dallas Division of the Northern District of Texas, the district and division where the state court that convicted and sentenced petitioner is located.  *Coker v. Director*, No. 6-05-CV-0110 (E.D. Tex. May 20, 2005).

II.

In his sole ground for relief, petitioner contends that he was not properly admonished by the trial judge prior to pleading guilty.

By order dated June 23, 2005, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in

---

[2] The statute provides that the limitations period shall run from the latest of--

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 30 years in prison for burglary of a habitation. The court of appeals affirmed his conviction on February 23, 1999. The Texas Court of Criminal Appeals refused a petition for discretionary review on April 21, 1999. Petitioner did not file a writ of certiorari in the United States Supreme Court. Therefore, his conviction became final 90 days thereafter on July 20, 1999. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed an application for state post-conviction relief on November 9, 2000. The application was denied on June 6, 2001. Petitioner filed this action in federal court on November 1, 2004.

The AEDPA statute of limitations started to run on July 20, 1999 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled from November 9, 2000 to June 6, 2001, a total of 209 days, while a properly filed application for state post-conviction relief was pending. Even allowing for this tolling period, petitioner waited more than *three years* before seeking federal habeas relief. No explanation has been offered to justify this delay. Consequently, this case is time-barred and should be dismissed.

### RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   July 29, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE